## HARVEY B. HALL v. WILLIAM HOWARD.

*Stay of proceedings on judgment.*

An appeal from a justice was dismissed for being taken too late. A special appeal was then allowed on a showing that the judgment had been fraudulently antedated, and as it appeared on this appeal that the judgment itself was void for being entered more than four days after the hearing, a perpetual stay of proceedings was granted. Approved.

Error to Calhoun. Submitted June 20. Decided June 21.

TRESPASS ON THE CASE. Defendant brings error.

*James N. Robinson* for plaintiff in error.

*Woodruff & Clapp* for defendant in error.

CAMPBELL, C. J. Proceedings in error are brought to reverse an order made in an appeal from a justice of the peace, staying all proceedings on the judgment, because the justice rendered it more than four days after hearing, when he had lost jurisdiction. The stay is proper if the appeal was regular.

The appeal was allowed under the statute upon cause shown, upon the ground that the appellant had lost his ordinary appeal by circumstances not within his control. It is insisted no such case was made out. We think otherwise.

An appeal was originally taken within the proper time after February 2, 1876, when the justice's judgment was actually rendered. But by the fraud of Hall, as is claimed and as was charged by affidavits, a false return was made showing a judgment rendered on the 28th of January. Upon this return the appeal was dismissed as taken too late.

Thereupon showing was made for a special appeal to the circuit court, by affidavit, which, assuming the judgment to have been actually rendered on the 28th of January, gave a narrative of facts indicating how appellant had been led without his fault into supposing it had been rendered later.

Before the hearing on this application, it was discovered by the appellant that the return to the first appeal had been falsely procured by Hall to set forth a wrong date, and that the judgment had been really rendered at a date which would have saved the first appeal.

On a new and full exposition of the manner in which this difficulty was brought about, the circuit court allowed a new and special appeal, which when returned showed that the justice's judgment was void.

Howard lost his first appeal after he had regularly sued it out, by the false return made to it, which the justice swore was done by Hall's interference. This was a circumstance beyond Howard's control and for which he was in no way to blame. It would have been a gross wrong to deny him relief. The juggling performances for concealing the truth about the judgment were fraudulent and deserving of more than censure. The court below did him such justice as it could in a summary way by the perpetual stay of proceedings. We do not think it should be disturbed.

The proceedings in the circuit court must be affirmed with costs.

The other Justices concurred.